UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH #233282,

        Plaintiff,                               Hon. Robert J. Jonker

v.                                                Case No. 1:23-cv-575

DAVID DAWDY, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss (ECF No. 30), Defendants' Motion to Dismiss (ECF No. 52), and Defendant's Motion to Dismiss (ECF No. 59). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions all be granted.

**BACKGROUND**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility. The events giving rise to this action, however, occurred while Plaintiff was incarcerated at the Lakeland Correctional Facility (LCF). Plaintiff sued the following individuals and entities: (1) Corrections Mental Health Program Director David Dawdy; (2) MDOC Director Heidi Washington; (3) Corrections Mental Health Program Involuntary Treatment employee Greg Johnson; (4) Corrections Mental Health Program Appeal Appointed Designee Jennifer Zaha; (5) Grand Prairie Healthcare Services;

1

(6) Psychiatrist Melanie Clark; (7) Psychiatrist Hanna Saad; (8) Psychiatrist Siming Hummer; (9) Psychiatrist A. Kowalkowski; (10) Psychiatrist Kirtida Patel; (11) Psychologist Kevin Francies; (12) Psychologist M. Singhurse; (13) Mental Health Professional Joan McDevitt; (14) Corrections Mental Health Rights Specialist Sara Heydens; (15) "RHIT" Connie Lester; (16) LCF Mental Health Unit Chief Psychologist Gail Burch; (17) Grievance Coordinator/Hearings Investigator J. Rohrig; (18) Assistant Corrections Mental Health Program Director Michael Barrett; (19) Mental Health Professional L. Bressett; and (20) Mental Health Advisor Gabrielle McCall.

Plaintiff's complaint arose from a nearly four-year history of mental health treatment—both voluntary and involuntary—during his incarceration at LCF from October 16, 2018, until his transfer on July 28, 2022. Plaintiff alleged that Defendants' conduct, in various ways, violated his rights under both federal and state law. (ECF No. 1, 12). On screening, the Court dismissed Plaintiff's federal law claims for failure to state a claim on which relief could be granted. (ECF No. 12). As for Plaintiff's state law claims, the Court declined to exercise supplemental jurisdiction over such and instead dismissed such without prejudice. *Id.*

Plaintiff appealed the matter to the Sixth Circuit which affirmed in part this Court's judgment and remanded the matter to this Court for further proceedings. (ECF No. 21-22). Specifically, the Sixth Circuit affirmed the dismissal of all Plaintiff's federal law claims, save Plaintiff's Eighth Amendment excessive force claim against Defendant Dr. Melanie Clark. (ECF No. 21, PageID.181-84). With

2

respect to Plaintiff's state law claims, the Sixth Circuit concluded that "[b]ecause we remand to the district court for consideration of [Plaintiff's] federal claims in a manner consistent with this order, we vacate this portion of the district court's judgment for its further consideration." (ECF No. 21, PageID.188). Thus, the only claims remaining in this matter following the Sixth Circuit's decision are: (1) Plaintiff's Eighth Amendment excessive force claim against Defendant Clark and (2) Plaintiff's state law claims.

Following the Sixth Circuit's decision, this Court noted that the following Defendants had been terminated from this action: (1) David Dawdy; (2) Grand Prairie Healthcare Services; (3) Sara Heydens; and (4) J. Rohrig. The remaining Defendants, save Defendant Clark, now move to dismiss Plaintiff's state law claims thereby effecting their dismissal from this action. Plaintiff has responded to Defendants' motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

As already noted, the federal law claims against the moving Defendants have been dismissed, leaving only Plaintiff's state law claims. Federal law provides that the district courts may decline to exercise supplemental jurisdiction over a state law claim if the state law claim "substantially predominates over" the remaining federal law claim. 28 U.S.C. § 1367(c)(2). District courts "have broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Halladay v. Banc of America Funding Corp.*, 2019 WL 13293210 at *1 (W.D. Mich., Apr. 2, 2019) (citations omitted).

Likewise, supplemental jurisdiction "is a doctrine of discretion. . .not of right." *Reed v. Deutsche Bank Nat. Trust Co.*, 2009 WL 3270481 at *4 (W.D. Mich., Oct. 5, 2009) (citations omitted).

Whether to exercise supplemental jurisdiction "depends on judicial economy, convenience, fairness, and comity." *Halladay*, 2019 WL 13293210 at *1 (citations omitted). Relevant factors to this determination include: (1) whether the state law claims outnumber the federal law claims; (2) whether the state law claims are distinct; and (3) whether the state law claims involve proof that is not necessary to establish the federal law claims. *Id.* (citations omitted).

Consideration of these factors weighs heavily against declining to exercise supplemental jurisdiction over Plaintiff's state law claims against the moving Defendants. Plaintiff's federal law claims against these Defendants have already been dismissed. The state law claims against the moving Defendants are distinct, legally and factually, from the Eighth Amendment claim remaining against Defendant Clark. Finally, judicial economy and comity support allowing the Michigan courts to resolve matters concerning Michigan law. Accordingly, the undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's state law claims against the moving Defendants and instead dismiss such without prejudice so that Plaintiff may pursue them in the appropriate state forum.

4

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's state law claims against the following Defendants be dismissed without prejudice and these Defendants be terminated from this action: (1) Heidi Washington; (2) Greg Johnson; (3) Jennifer Zaha; (4) Hanna Saad; (5) Siming Hummer; (6) A. Kowalkowski; (7) Kirtida Patel; (8) Kevin Francies; (9) M. Singhurse; (10) Joan McDevitt; (11) Connie Lester; (12) Gail Burch; (13) Michael Barrett; (14) L. Bressett; and (15) Gabrielle McCall.

For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: November 14, 2025       /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge