UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER CARSON SMITH
#233282,

        Plaintiff,                        Hon. Robert J. Jonker

v.                                Case No. 1:23-cv-00575

MELANIE A. CLARK,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this prisoner civil rights action under 42 U.S.C. § 1983 through his *pro se* complaint on June 5, 2023, and he filed an application to proceed in this Court *in forma pauperis*, which the Court granted.  (ECF Nos. 1, 2, 4).  Plaintiff did not achieve service of his complaint upon Defendant Clark, despite the efforts of the United States Marshal Service (USMS), within the time period required by Federal Rule of Civil Procedure 4(m).  The Court then ordered Plaintiff to show cause as to why Defendant Clark, the sole remaining Defendant, should not be dismissed without prejudice under Rule 4(m), and the Court warned Plaintiff that failure to respond to the Order could cause Defendant Clark to be dismissed.  (ECF No. 69, PageID.456).  Plaintiff failed to respond to the Court's Show Cause order.  Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Clark be dismissed and that this action be terminated.

## ANALYSIS

The time for service lapsed on April 6, 2025, which has passed without service for Defendant Clark. The best efforts of USMS to serve Defendant Clark have failed. "[T]he Court can only direct service for a pro se Plaintiff, not guarantee service." *Goodman v. Schubring*, No. 4:20-CV-13368, 2022 WL 1138029, at *1 (E.D. Mich. Apr. 18, 2022). "[F]ailure by the Marshals Service to carry out their duties may constitute good cause under Rule 4." *Reed-Bey v. Pramstaller*, 607 F. App'x 445, 450 (6th Cir. 2015). However, it appears that USMS has exhausted all reasonable resources to try to serve Defendant Clark. Additionally, "[t]here is nothing in the record to suggest that the plaintiff made an effort to discover or provide additional information about the whereabouts of [Defendant Clark]." *Id.*

Federal Rule of Civil Procedure 4(m) does not permit dismissal of a defendant without motion or notice, and a plaintiff is permitted to show good cause for the failure. The Court afforded Plaintiff notice through its Show Cause order, which Plaintiff failed to respond to. Accordingly, Defendant Clark is dismissed without prejudice under Rule 4(m), terminating this action.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant Clark be dismissed without prejudice and that this action be terminated. For the same reasons the undersigned makes these recommendations, the

undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: May 12, 2026                         /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge

-3-